**Fanya GAERMAN; et al.,**
**Plaintiffs—Appellees,**

v.

**Martin C. ALEVY, Federal Bureau of Investigation Special Agent; et al.,**
**Defendants—Appellants.**

**No. 03–36001.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided June 9, 2005.

Ronald H. Hoevet, Esq., Per C. Olson, Esq., Hoevet & Boise, Portland, OR, for Plaintiffs–Appellees.

Kenneth C. Bauman, Esq., Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, Barbara L. Herwig, Esq., DOJ–U.S. Department of Justice Civil Division, Washington, DC, for Defendants–Appellants.

Before: GOODWIN, TASHIMA and CLIFTON, Circuit Judges.

## MEMORANDUM *

Defendants Martin C. Alevy, George E. Chamberlin, Frank Heckendorn, Robert Stewart, and Monika Wasiewicz appeal the district court's interlocutory summary judgment order denying their motion for qualified immunity. We affirm the district court, but on different grounds.

The district court concluded that Defendants were not entitled to qualified immunity because a genuine issue of material fact existed as to whether Defendants subjectively believed they had probable cause to arrest Plaintiff Fanya Gaerman. In reaching this conclusion, it appears that the district court may have used an incorrect standard. In cases involving probable cause arrests, subjective intentions do not matter and instead the "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *see also Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Consequently, when ruling upon Defendants' motion for quali-

fied immunity, the district court should have considered only the objective reasonableness of Defendants' actions.

Nevertheless, a genuine issue of material fact exists as to whether it was objectively reasonable for Defendants to arrest Plaintiff. While Defendants had probable cause to arrest Plaintiff's grandson and her daughter, summary judgment was not appropriate on the issue of whether it was objectively reasonable for the police to mistake Plaintiff, a ninety-four-year old woman, for her daughter. Among the facts known to Defendants at the time they arrested Plaintiff were that

1) Ilya Adamidov, the primary suspect and plaintiff's grandson, screamed out at the time of his arrest that his 94–year old grandmother was in the car and to take care of her.

2) Plaintiff informed Defendant Wasiewicz, a Russian-speaking agent, before her arrest, that she was Fanya Gaerman, *i.e.*, not Revekka Adamidov, Ilya Adamidov's mother.

3) Plaintiff was carrying prescription medicine prescribed to Fanya Gaerman, which was taken from her and which she asked Defendant Wasiewicz to return.

Although it is true, as the dissent notes, "[t]hat Plaintiff identified herself by her own name and denied being Revekka and that Ilya called her his grandmother rather than his mother were not assertions which the officers were required to accept as true under the circumstances," given the circumstances, as outlined above, the question remains whether the officers should have been put on inquiry notice to back off their preconceived conclusion that, in effect, Plaintiff was her own daughter, *i.e.,* that Plaintiff was a generation youn-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ger than she actually was. The objective reasonableness of Defendants' conduct turns on whether their mistake of fact—that Plaintiff was Ilya's mother and not his grandmother—was reasonable, a question best resolved by a jury, which will have the opportunity to assess Plaintiff's appearance. *See Wilkins v. City of Oakland,* 350 F.3d 949, 955 (9th Cir.2003). Consequently, Defendants were not entitled to summary judgment relief on their claim of qualified immunity.

**AFFIRMED.**

CLIFTON, Circuit Judge, dissenting.

I agree that the proper standard is whether the officers' actions were objectively reasonable, not whether the Defendants involved did, in fact, mistake Plaintiff for her daughter. I disagree with my colleagues' conclusion on that issue, however, and thus respectfully dissent.

The primary subject of the investigation was Ilya Adamidov, Plaintiff's grandson. The officers had probable cause to arrest Ilya and also had probable cause to arrest Ilya's mother (and Plaintiff's daughter), Revekka Adamidov. Nothing in the record indicates that the officers knew that Ilya's grandmother (Plaintiff) was in the picture, let alone that they knew the respective ages of Revekka and Plaintiff. In the context of this case, therefore, the proper question is whether it was objectively reasonable for the arresting officers to believe that Plaintiff could have been Ilya's mother.

When Plaintiff was arrested, she was in a vehicle with Ilya, which was leaving Revekka's residence. The arresting officers suspected that Ilya and Revekka would be fleeing together and were unaware of any older woman that Ilya was associated with other than Revekka. It was not implausible for the officers to conclude that the other person found in the vehicle, an older woman who spoke in Russian, was Revekka, especially given that the stop and subsequent arrest occurred under tension-filled and urgent circumstances. Consequently, it was not objectively unreasonable for Defendants to fail to realize that Plaintiff might have been too old to be Ilya's mother. *See, e.g., Dean v. Worcester,* 924 F.2d 364 (1st Cir.1991) (concluding that in a case of mistaken identity, it was not objectively unreasonable for the police to arrest plaintiff because plaintiff shared similar characteristics to the suspect for whom the police were searching, plaintiff was arrested near the residence where the suspect was known to be, and the arrest occurred during tension-filled and urgent circumstances). That Plaintiff identified herself by her own name and denied being Revekka and that Ilya called her his grandmother rather than his mother were not assertions which the officers were required to accept as true under the circumstances.

My review of the record does not indicate the existence of any genuine issue of material fact concerning the objective reasonableness of Plaintiff's arrest. Thus, I conclude that the denial of Defendants' motion for summary judgment should be reversed.